IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/30/2022
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

LIBERTY INSURANCE CORPORATION,

    Plaintiff,

v.

DANIEL S. WOOLDRIDGE,          Civil Action No. **6:22CV00055**

and

KAYLA FAIRCHILD,

    Defendants.

## COMPLAINT

Plaintiff Liberty Insurance Corporation ("Liberty"), by counsel, for its Complaint for declaratory judgment against Defendant Daniel S. Wooldridge ("Wooldridge") and Defendant Kayla Fairchild ("Fairchild"), states as follows:

### Nature of the Action

1. In this action, Liberty seeks a declaratory judgment that, under an insurance policy issued by it to Wooldridge, it has no obligation to defend him or to indemnify him against any judgment in a lawsuit brought against him by Fairchild.

### The Parties

2. Liberty is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the Commonwealth of Massachusetts.

3. Wooldridge is a natural person who resides in, and is a citizen of, the Commonwealth of Virginia.

4.	Fairchild is a natural person who resides in, and is a citizen of, the Commonwealth of Virginia.

## Jurisdiction and Venue

5.	This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.  There is complete diversity of citizenship between Liberty and Defendants.  The amount in controversy exceeds $75,000, exclusive of interest and costs, because the damages sought from Wooldridge in the lawsuit brought against him by Fairchild are in excess of that amount, as is the limit of liability of the policy's coverage at issue.  The dispute between the parties constitutes an actual and ripe controversy.

6.	This Court has personal jurisdiction over Defendants, because they reside in, and are citizens of, the Commonwealth of Virginia.

7.	Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and in this division pursuant to Local Civil Rule 2 because Fairchild and Wooldridge reside in this judicial district and are residents of Virginia subject to personal jurisdiction in this district, and/or a substantial part of the events giving rise to the claims occurred in this district.

## The Policy

8.	As of May 9, 2020, Fairchild and Wooldridge maintained a Liberty homeowners policy, policy number H37-238-700711-40, on 109 Woodville Drive, Forest, Virginia as the insured location, with a policy period of August 31, 2019 to August 31, 2020 (the "Policy").  The Policy was delivered to Fairchild and Wooldridge in the Commonwealth of Virginia.  A certified copy of the Policy, with premium amounts redacted and any information redacted as required under Fed. R. Civ. P. 5.2, is attached as <u>Exhibit 1</u> to this Complaint.

9.	With respect to Coverage E – Personal Liability in Section II – Liability

Coverages, the Policy includes an insuring agreement providing in part as follows:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which the "insured" is legally liable; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.  We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

10. With respect to Section II in general, the Policy includes exclusions providing in part as follows:

> 1. Coverage E – Personal Liability . . . do[es] not apply to "bodily injury" or "property damage":
>
>    a. Which is expected or intended by the "insured" . . . ;
>
>    k. Arising out of sexual molestation, corporal punishment or physical or mental abuse[.]

11. With respect to Coverage E – Personal Liability in particular, the Policy includes exclusions providing in part as follows:

> 2. Coverage E – Personal Liability, does not apply to . . . [:]
>
>    f. "Bodily injury" to you or an "insured" within the meaning of part a. or b. of "insured" as defined.

12. The Policy also includes definitions providing in part as follows:

> In this policy, "you" and "your" refer to the "named insured" shown in the Declarations ….
>
> "We," "us" and "our" refer to the Company providing this insurance.  In addition, certain words and phrases are defined as follows:
>
> 1. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results. . . .

3. "Insured" means you and residents of your household who are:

    a. Your relatives; or

    b. Other persons under the age of 21 and in the care of any person named above. . . .

5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

    a. "Bodily injury"; or

    b. "Property damage."

13. The "named insureds" shown in the Declarations to the Policy are Fairchild and Wooldridge. With respect to Section II, Coverage E – Personal Liability, the Policy has an each occurrence limit of $300,000.

## The Underlying Lawsuit

14. On or about April 29, 2022, Fairchild initiated a lawsuit, styled *Kayla Fairchild v. Daniel Scott Wooldridge*, in the Circuit Court for Bedford County, Virginia, where it was assigned a case number of CL22001004-00 (the "Underlying Lawsuit"). A copy of the Amended Complaint in the Underlying Lawsuit (the "Underlying-Lawsuit Complaint"), with any information redacted as required under Fed. R. Civ. P. 5.2, is attached as <u>Exhibit 2</u> to this Complaint.

15. The Underlying-Lawsuit Complaint alleges that Fairchild and Wooldridge "were in an over 10 year relationship wherein they share four children together," that the relationship was "tumultuous," and the "parties often engaged in heated arguments."

16. The Underlying-Lawsuit Complaint alleges that on May 9, 2020, Fairchild and Wooldridge were "engaged in a heated argument, wherein [Wooldridge] negligently but

4

unintentionally struck [Fairchild] on her head near her ear canal, which led to unintentional and unforeseeable consequences that included [Fairchild's] need for extensive medical treatment," and that the alleged negligence was that Wooldridge (a) "engaged in an extremely heated verbal exchange with [Fairchild];" (b) "unintentionally struck [Fairchild] on her head near her ear" (c) "with such force that extensive medical treatment was needed;" and (d) "could not foresee the consequences that resulted from his unintended striking of [Fairchild]."

17. Alternatively, the Underlying-Lawsuit Complaint alleges that on May 9, 2020, Wooldridge "ASSAULTED AND BATTERED [Fairchild] with such a violent force that [Fairchild] was severely injured;" and that (a) Wooldridge "grabbed [Fairchild] by the feet and dragged her down the stairs;" (b) Wooldridge "punched [Fairchild] on the left side of [Fairchild's] head with such violent force that her inner ear was damaged, her eardrum ruptured, the jawbone was broken, and her ear was visibly damaged;" (c) Wooldridge "attacked [Fairchild] while their children watched;" (d) Wooldridge "kicked [Fairchild] repeatedly while she was on the ground attempting to protect herself;" (e) Wooldridge "shut [Fairchild] in a bathroom, pushed her in the bathtub, and continue to kicked her;" and (f) "despite [Fairchild's] pleas to stop, [Wooldridge] did not relent and continued his violent attack against her."

18. Alternatively, the Underlying-Lawsuit Complaint alleges that on May 9, 2020, Wooldridge "FALSELY IMPRISONED [Fairchild] by locking [Fairchild] in the home and refusing to allow her to leave and receive necessary medical attention;" and that (a) Wooldridge "locked [Fairchild] in their bedroom and refused to allow her to leave despite her repeated pleas to leave and get medical attention;" (b) Wooldridge "refused to allow [Fairchild] to go to the hospital for fear that the violent attack may be reported;" and (c) "[Fairchild] was able to leave

5

only after [Wooldridge] fell asleep and she escape through the bathroom window, after which [Wooldridge] chased her once he awoke and realized she had escaped."

19. The Underlying-Lawsuit Complaint alleges that "[a]s result of these actions, [Fairchild] received medical attention from Lynchburg General Hospital, the University of Virginia Medical Center, and Blue Ridge ENT, where she received a cochlear implant to repair the completely ruptured eardrum, three prosthetic bones were placed in her ear, and a skin graft was placed on her ear to replace the visible damage."

20. The Underlying-Lawsuit Complaint alleges that "[a]s a result of these actions, [Fairchild] was caused to incur substantial medical expenses due to medical appointments, medical surgery, psychological treatment from the trauma associated with the incident, and will receive substantial future medical expenses from continued necessary physical and mental treatment that directly result from the incident."

21. On behalf of Fairchild, the Underlying-Lawsuit Complaint demands from Wooldridge "an amount of three hundred thousand dollars ($300,000.00) with interest from May 9, 2020" for his actions.

22. Wooldridge tendered to Liberty his defense in the Underlying-Lawsuit Complaint, and Liberty has been defending Wooldridge in the Underlying Lawsuit under a full and complete reservation of its rights under the Policy and/or Virginia law to disclaim any and all coverage under the Policy for the Underlying Lawsuit and withdraw its defense of Wooldridge.

23. An actual controversy exists between Liberty and Wooldridge as to whether Liberty has any obligation to defend him or to indemnify him against any judgment in the Underlying Lawsuit.

**COUNT I**
(For a Judgment Declaring that Liberty Has No Duty to Defend
or to Indemnify Wooldridge in the Underlying Lawsuit
Based on Exclusion 2.f.)

24. Liberty incorporates by reference the allegations in paragraphs 1- 23 above.

25. Under Exclusion 2.f., Coverage E – Personal Liability does not apply to "bodily injury" to you. In the Policy, "you" refers to the "named insured" shown in the Declarations. Fairchild is shown in the Declarations as a "named insured." The Underlying-Lawsuit Complaint seeks damages for "bodily injury" to Fairchild. As a result, Liberty has no obligation to defend or to indemnify Wooldridge in the Underlying Lawsuit.

**COUNT II**
(Alternatively, for a Judgment Declaring that Liberty Has No Duty to Defend
or to Indemnify Wooldridge for Some or All Claims in the Underlying Lawsuit
Based on a Lack of an "Occurrence" and/or the Application of Certain Exclusions.)

26. Liberty incorporates by reference the allegations in paragraphs 1- 25 above.

27. For several additional and alternative reasons, Liberty has no obligation to defend or to indemnify Wooldridge for some or all of the claims in the Underlying Lawsuit. Such reasons include the following:

    a. Coverage under Coverage E – Personal Liability of the Policy is precluded by the nonexistence of "bodily injury" caused by an "occurrence" within the meaning of the insuring agreement for such coverage;

    b. Coverage under Coverage E – Personal Liability of the Policy is eliminated by exclusion 1.a. in Section II of the Policy; *i.e.*, the exclusion for "bodily injury" or "property damage" which is expected or intended by the "insured[;]" and/or

    c. Coverage under Coverage E – Personal Liability of the Policy is eliminated by exclusion 1.k. in Section II of the Policy; *i.e.*, the exclusion for "bodily

injury" or "property damage" arising out of sexual molestation, corporal punishment or physical or mental abuse.

WHEREFORE, Liberty respectfully requests that this Court:

a. Enter a judgment declaring that Liberty has no duty or obligation to defend Wooldridge in the Underlying Lawsuit;

b. Enter a judgment declaring that Liberty has no duty or obligation to indemnify Wooldridge against any judgment in the Underlying Lawsuit; and

c. Enter a judgment declaring that Liberty may immediately withdraw its defense of Wooldridge in the Underlying Lawsuit;

d. Alternatively, enter a judgment declaring that Liberty has no obligation to defend or to indemnify Wooldridge for some of the claims in the Underlying Lawsuit, as described in Count II; and

e. Grant Liberty its costs and other and further relief as the Court may deem to be just and appropriate under the circumstances.

Respectfully submitted,

LIBERTY INSURANCE CORPORATION

By Counsel

/s/ E. Ford Stephens
E. Ford Stephens
Virginia State Bar # 25959
Counsel for Plaintiff
Christian & Barton LLP
901 East Cary Street, Suite 1800
Richmond, VA 23219-4037
Tel: (804) 697-4124
Fax: (804) 697-6112
estephens@cblaw.com