CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

12/8/2022

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION<br><br>*Plaintiff,*<br>v.<br><br>DANIEL S. WOOLDRIDGE AND KAYLA FAIRCHILD,<br><br>*Defendants.* | CASE NO. 6:22-cv-00055<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment, Dkt. 12. Plaintiff requests that the clerk enter the default of Defendant Kayla Fairchild pursuant to Fed. R. Civ. P. 55(a). For the following reasons, the Court grants this motion.

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On September 30, 2022, Plaintiff filed its Complaint against Defendant Daniel S. Wooldridge and Defendant Fairchild. Dkt. 1. Plaintiff sought a declaratory judgment that, under an insurance policy issued by it to Defendant Wooldridge, it has no obligation to defend him or indemnify him in a lawsuit brought against him by Defendant Fairchild. *Id.* On October 7, 2022, Defendant Fairchild was served with process, which included a Summons, by posting at her usual place of abode in Virginia. Dkt. 5. Thus, she was served pursuant to Fed. R. Civ. P. 4(e)(1), which dictates that an individual may be served by "following state law for serving a

1

summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[1]

Defendant Fairchild's Summons provided, in part:

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)— or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3)— you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> E. Ford Stephens
> Christian & Barton, LLP
> 901 East Cary Street, Suite 1800
> Richmond, Virginia 23219-4037
> estephens@cblaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dkt. 4. Under Fed. R. Civ. P. 12(a)(1)(A)(i), "[a] defendant must serve an answer: within 21 days after being served with a summons and complaint." Twenty-one (21) days from October 7, 2022 was October 28, 2022. Defendant Fairchild did not file and serve an answer or motion under Rule 12 by October 28, 2022.

---

[1] Under Va. Code § 8.01-296, service on an individual may be made:

> by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such [usual] place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing…. In any civil action brought in a circuit court, the mailing of a copy of the pleadings with a notice that the proceedings are pending in the court indicated and that upon the expiration of 10 days after the giving of the notice and the expiration of the statutory period within which to respond, without further notice, the entry of a judgment by default as prayed for in the pleadings may be requested, shall satisfy the mailing requirements of this section and any notice requirement of the Rules of Court.

Plaintiff's counsel mailed Defendant Fairchild a Notice of Pending Proceeding pursuant to Virginia Code § 8.01-296, which included a copy of the pleadings, a notice that they are pending in this court, and a notice that upon the expiration of 10 days after giving the notice and the expiration of the statutory period within which to respond, Plaintiff could pray for an entry of a judgment by default. Dkt. 9. A certificate of such mailing was filed with the Court. *Id.*

Although Defendant Wooldridge filed a motion for extension of time to file his answer on October 26, 2022, Dkt. 7, which the Court granted, Dkt. 8, and he filed his revised answer on November 3, 2022, Dkt. 11, Defendant Fairchild has yet to respond to the Complaint.

As Plaintiff's Complaint seeks affirmative relief as to Defendant Fairchild and she has failed to plead or otherwise defend, the Court orders that the clerk of court enter default judgment as to Defendant Fairchild pursuant to Fed. R. Civ. P. 55(a).

The Clerk of the Court is directed to send this Memorandum Opinion to all parties.

Entered this __8th__ day of December, 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE